# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TAWANA BALTHROP,  )<br>  )<br>        Plaintiff,  )<br>  )<br>and  )<br>  )<br>HARTFORD ACCIDENT & INDEMNITY )<br>COMPANY, as subrogee of Shoe Show  )<br>Inc.,  )<br>  )<br>        Intervening Plaintiff,  )<br>  )<br>v.  )<br>  )<br>WAL-MART STORES EAST, L.P. d/b/a  )<br>WAL-MART SUPERCENTER,  )<br>  )<br>        Defendant.  ) | Case No. CIV-19-00657-PRW |

## ORDER

Hartford Accident & Indemnity Company ("Hartford") has filed a Motion to Intervene and Brief in Support Thereof (Dkt. 12). On the date of Plaintiff's trip-and-fall accident at Defendant's store in Duncan, Oklahoma, Plaintiff was apparently acting in the course and scope of her employment for Shoe Show, Inc, and Hartford was Shoe Show, Inc.'s workers compensation carrier. Consequently, Hartford paid workers' compensation benefits in relation to the injuries Plaintiff suffered as a result of the trip-and-fall accident. Hartford now seeks to intervene as a matter of right pursuant to Rule 24 of the Federal Rules of Civil Procedure. Defendant has filed an Objection and Response to Harford Accident & Indemnity Company's Motion to Intervene (Dkt. 14).

Both Oklahoma and Tenth Circuit precedent recognize the right of an employer's insurance carrier to intervene as of right. In the case of *Black v. Texas Employers Insurance Association*, 326 F.2d 603 (10th Cir. 1964), the Tenth Circuit stated: "If subrogated, a compensation insurer may *intervene* in an action against a third party tort-feasor *as a matter of right under Fed. Rules Civ. Proc. Rule 24(a)*."[1] In the case of *Nicholas v. Morgan*, 2002 OK 88, 58 P.3d 775, the Oklahoma Supreme Court stated: "This Court has recognized *the right of an* employer or *insurance carrier*, having paid workers' compensation benefits, *to intervene* in an action against a third-party tortfeasor. . . . 85 O.S.1991, § 44(a) provides a paying employer or insurance carrier, as a statutory assignee, the right to seek reimbursement from an injured worker after the latter is paid"[2] Thus, Rule 24(a) concerning "Intervention of Right" governs the outcome of Hartford's motion to intervene.

But first, Hartford failed to comply with the directives of Rule 24(c), which require a motion to intervene to "be accompanied by a pleading that sets out the claim or defense for which intervention is sought."[3] "The purpose of the rule requiring the motion to state the reasons therefor and accompanying the motion with a pleading setting forth the claim or defense is to enable the court to determine whether the applicant has the right

---

[1] *Black*, 326 F.2d at 604 (citing *Kelley v. Summers*, 210 F.2d 665, 673 (10th Cir. 1954)); *accord, e.g.*, *Curtis v. Sears, Roebuck & Co.*, 754 F.2d 781, 784 (8th Cir. 1985); *Smith Petroleum Serv., Inc. v. Monsanto Chem. Co.*, 420 F.2d 1103, 1114–15 (5th Cir. 1970).

[2] *Nicholas*, 2002 OK 88, ¶ 21, 58 P.3d at 781 (emphasis added) (citing *Landrum v. Nat'l Union Ins. Co.*, 1996 OK 18, ¶ 12, 912 P.2d 324, 328).

[3] Fed. R. Civ. P. 24(c).

to intervene, and, if not, whether permissive intervention should be granted."[4] Because "[f]ailing to attach such a pleading complicates the court's task of evaluating the movant's legal position," the Court "could properly deny the application to intervene on procedural grounds alone."[5] The Court declines to do so here, however, because "the grounds for intervention" are clearly presented in the motion to intervene, and because the Defendant hasn't objected to intervention on this basis.

Proceeding to the merits, Rule 24(a) provides:

> **(a)** **Intervention of Right.** On timely motion, the court must permit anyone to intervene who:
>
> **(1)** is given an unconditional right to intervene by a federal statute; or
>
> **(2)** claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.[6]

Hartford invokes no federal statute in its motion to intervene. Thus, Hartford's intervention is permitted under Rule 24(a)(2) if Hartford can demonstrate the following: (1) the timeliness of the application; (2) an interest related to the property or transaction which is the subject of the action; (3) the possibility of impairment or impediment of that interests if intervention is not allowed; and (4) inadequate representation of that interest

---

[4] *Miami Cty. Nat'l Bank of Paola, Kan. v. Bancroft*, 121 F.2d 921, 926 (10th Cir. 1941) (affirming the denial of intervention where no pleading was filed with the motion as required by Rule 24(c)).

[5] *Sears Roebuck & Co. v. IPofA Salina Cent. Mall, LLC*, No. 5:08-cv-04125-SAC, 2009 WL 1664614, at *2 (D. Kan. June 15, 2009).

by existing parties.[7] Upon review of the filings, the Court finds that intervention as of right is warranted.

By virtue of section 43 of the Oklahoma Administrative Workers' Compensation Act, Hartford has an interest related to Plaintiff's recovery in this case that may be impeded if intervention is not permitted. Section 43 governs the rights of an employer's workers compensation carrier to participate in litigation.

Subpart (A) of section 43 governs situations like this, where the injured employee initiates litigation. Subpart (A)(1)(a) provides that the liability of "any third party for the injury" remains "[u]naffected" by the employee's "making of a claim for compensation against any employer or carrier for the injury" and authorizes "the employee, or his or her dependents, to make a claim or maintain an action in court against any third party for the injury."[8] Subpart (A)(1)(b) then requires the employee to give "reasonable notice" to "[t]he employer or the employer's carrier" so that they have a reasonable "opportunity to join in the action."[9] Subpart (A)(1)(c) then gives the employer's carrier an incentive to join in the action by giving them "a first lien on two-thirds (2/3) of the net proceeds recovered in the action that remain after the payment of the reasonable costs of collection, for the payment to them of the amount paid and to be paid by them as

---

[6] Fed. R. Civ. P. 24(a).

[7] *United States v. Albert Inv. Co.*, 585 F.3d 1386, 1391 (10th Cir. 2009) (quoting *Utah Ass'n of Ctys. v. Clinton*, 255 F.3d 1246, 1249 (10th Cir. 2001)); *In re Kaiser Steel Corp.*, 998 F.2d 783, 790 (10th Cir. 1993).

[8] Okla. Stat. tit. 85A, § 43(A)(1)(a) (Supp. 2016).

[9] *Id.* § 43(A)(1)(b).

compensation to the injured employee or his or her dependents" if they join in the action.[10]

Subpart (B) governs situations where the employer or the employer's workers compensation carrier initiates the litigation. Subpart (B)(1) provides that "[a]n employer or carrier liable for compensation under this act for the injury or death of an employee shall have the right to maintain an action in tort against any third party responsible for the injury or death" for the subrogation interest.[11] Subpart (B)(2) requires the employer or its carrier to give the employee "reasonable notice and opportunity to be represented in the action," and permits the court to determine "the liability of the third party to the compensation beneficiary . . ., as well as the third party's liability to the employer and carrier" so long as the notice requirement has been fulfilled.[12] Subpart (B)(3) allows the employer and carrier to recover "the amount that [they] have paid or are liable for in compensation, after deducting reasonable costs of collection" and then directs that "any amount recovered in excess of th[at] amount" be given to "the injured employee."[13]

Regarding the second factor, Hartford has made the requisite showing. Under either subpart (A) or (B)—i.e., regardless of who initiates the litigation—it is clear that an employer's workers compensation carrier is entitled to be present in the litigation because they have a subrogation interest in any proceeds recovered from the third party. The

---

[10] *Id.* § 43(A)(1)(c).

[11] *Id.* § 43(B)(1).

[12] *Id.* § 43(B)(2).

[13] *Id.* § 43(B)(3).

amount of that subrogation interest appears to depend upon who initiated the litigation, as the employer's carrier will only recover two-thirds of any benefits paid or to be paid when the employee commences litigation but will recover 100% of any benefits paid or to be paid when the carrier files suit.

Defendant's Objection and Response (Dkt. 14) focuses on the first, third, and fourth factors. Defendant argues that the application to intervene is untimely insofar as Hartford waited two-and-a-half years to file it, that "Hartford has . . . failed to address why the disposition of this action may impair or impede Hartford's ability to protect the subrogation interest,"[14] and that Plaintiff can adequately represent Hartford's interest in this litigation because Plaintiff has the same objective as Hartford and will "present all contentions against Defendant Walmart."[15]

First, Hartford's motion explains why the disposition of this action without Hartford may impair or impede its subrogation interest by discussing the need and "right to protect [that subrogation] interest pursuant to section 43(A) of the AWCA."[16] Looking beyond Hartford's motion to the cited statutory provision, it appears the carrier never gains a statutory right (or, perhaps, forfeits any legal right) to any portion of the recovery if the carrier does not participate in the litigation. Hence, a denial of Hartford's motion to intervene would deprive Hartford of "a first lien on two-thirds (2/3) of the net proceeds recovered." That is quite clearly an impairment of Hartford's interest.

---

[14] Def.'s Obj. & Resp. to Hartford Accident & Indem. Co.'s Mot. to Intervene (Dkt. 14) at 4.
[15] *Id.*

6

Hartford has also demonstrated the "possibility of inadequate representation." "Although an applicant for intervention as of right bears the burden of showing inadequate representation, that burden is the 'minimal' one of showing that representation 'may' be inadequate."[17] "The possibility that the interests of the applicant and the parties may diverge 'need not be great' in order to satisfy this minimal burden."[18] While Hartford's interest is aligned with Plaintiff's in terms of maximizing recovery, Plaintiff's pursuit of the action in the absence of intervention by Hartford will not properly protect Hartford's interest, as Hartford will not have a lien under section 43(A)(1)(c) to enforce on any recovery. Moreover, Defendant's conclusory arguments do not change the fact that both state and federal courts in Oklahoma have uniformly granted timely motions to intervene filed by an employer's carrier and have thus, by implication, consistently found that the subrogation interest of an employer's carrier would not be adequately represented by the injured employee.[19]

---

[16] Hartford's Mot. to Intervene (Dkt. 12) at 1.

[17] *Sanguine, Ltd. v. U.S. Dep't of Interior*, 736 F.2d 1416, 1419 (10th Cir. 1984) (quoting *Trbovich v. United Mine Workers,* 404 U.S. 528, 538 n.10 (1972)); *see also Coal. of Ariz./N.M. Ctys. v. Dep't of Interior*, 100 F.3d 837, 844 (10th Cir. 1996).

[18] *Utah Ass'n of Ctys. v. Clinton*, 255 F.3d 1246, 1254 (10th Cir. 2001) (citing *Nat. Res. Def. Council v. U.S. Nuclear Reg. Comm'n,* 578 F.2d 1341, 1346 (10th Cir. 1978)).

[19] *See, e.g.*, *supra* notes 1–2 and accompanying text.

Regarding the *Brown v. Patel* case relied upon by Defendant, that case is distinguishable insofar as it did not involve a motion to intervene filed by an insurer *qua* employer's workers compensation carrier, but rather a motion to intervene filed by an insurer *qua* employer's uninsured motorist (UM) carrier. *Brown*, 2007 OK 16, ¶ 16, 157 P.3d 117, 124 ("Brown's allegations against OneBeacon do not relate to OneBeacon's status a s workers' compensation carrier, but rather OneBeacon's conduct as his UM carrier."). Beyond that, the *Brown* case seemingly recognized the right of an employer's workers

Lastly, Hartford's motion is timely filed. "The timeliness of a motion to intervene is assessed in light of all of the circumstances, including the length of time since the applicant knew of its interest in the case, prejudice to the existing parties, prejudice to the applicant, and the existence of any unusual circumstances."[20] Defendant argues delay based on the amount of time that passed between Plaintiff's injury and Hartford's filing of the motion to intervene. But in light of section 43(A)(1)(b)'s contemplation of the injured employee's filing of a lawsuit and giving notice to the employer and the employer's carrier within a "reasonable" amount of time, the relevant time period spans from the Plaintiff's notice to Hartford to Hartford's filing of the motion to intervene. No one has presented information regarding when Plaintiff gave Hartford notice of this lawsuit. What we do know is that only five months passed since this action was filed in state court and only four months passed since it was removed to this Court before

---

compensation carrier to intervene. *Id.* ("This Court has recognized the statutory right of an employer or insurance carrier, having paid workers' compensation benefits, to intervene in an action against a third-party tortfeasor." (citing *Nicholas*, 2002 OK 88, ¶¶ 20–21, 58 P.3d at 782)). Lastly, any discussion of the fourth factor in the *Brown* case was *dicta* insofar as the Court's holding rests on the second factor. *Id.* ¶ 21, 157 P.3d at 125 ("If OneBeacon, as a UM carrier, desired to litigate a subrogation interest against Patel in Brown's action against Patel and intervene as a matter of right pursuant to 12 O.S. § 2024(A)(2), then OneBeacon was required to make payment to Brown prior to its intervention. We agree with Brown that a *potential* subrogation interest against an insured's alleged tortfeasor, by itself, is too remote to justify an insurer's right to intervene as a matter of right." (footnote omitted)).

[20] *Elliott Indus. Ltd. P'ship v. BP Am. Prod. Co.*, 407 F.3d 1091, 1103 (10th Cir. 2005) (*quoting Utah Ass'n of Ctys.*, 255 F.3d at 1250).

Hartford filed its motion to intervene.[21] As a Scheduling Order (Dkt. 11) was entered in October 2019, the case was (and is) still in its early stages. Thus, there is no prejudice to Defendant in permitting Hartford to intervene in order to protect its subrogation interests in keeping with section 43(A) of the AWCA.

**IT IS THEREFORE ORDERED** that Hartford Accident & Indemnity Company's Motion to Intervene and Brief in Support Thereof (Dkt. 12) is **GRANTED**. Hartford shall file a Complaint in Intervention within 14 days of the date this Order is filed.

**IT IS SO ORDERED this 10th day of January, 2020.**

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[21] *See* Pl.'s Pet. (Dkt. 1-2) at 1 (filed June 19, 2019, in the District Court for Canadian County); Def.'s Notice of Removal (Dkt. 1) at 1 (filed July 22, 2019 in this Court); Hartford's Mot. to Intervene (Dkt. 12) at 1 (filed November 27, 2019).